Jerry E. DYE, Petitioner–Appellee,

v.

**KANSAS STATE SUPREME COURT,**
**Respondent–Appellant.**

No. 93–3298.

United States Court of Appeals,
Tenth Circuit.

Feb. 22, 1995.

Wendell Betts of Frieden, Haynes & Forbes, Topeka, KS, for petitioner-appellee.

Kyle G. Smith, Asst. Atty. Gen., Kansas Bureau of Investigation, Topeka, KS, for respondent-appellant.

Before MOORE, Circuit Judge, LAY * and McWILLIAMS, Senior Circuit Judges.

McWILLIAMS, Senior Circuit Judge.

This is an appeal from an Order and Judgment of the United States District Court for the District of Kansas granting a petition for a writ of habeas corpus and ordering Jerry E. Dye, a state prisoner, released from state custody. The respondent in the habeas corpus proceeding, the Kansas Supreme Court, appeals the Order and Judgment thus entered.

On September 21, 1992, Jerry E. Dye filed a petition in the United States District Court for the District of Kansas for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody. In that petition, Dye indicated that he was not then confined, but was "free on bond." The only named respondent was the Attorney General of Kansas. On that same date, Dye filed a motion for leave to proceed *in forma pauperis,* and the caption on the motion was *"Jerry E. Dye v. Kansas State Supreme Court."* The caption on all subsequent pleadings, both in the federal district court and in this court,

has been *"Dye v. Kansas State Supreme Court."*

The district court granted Dye's motion to proceed as a pauper on September 21, 1992. Subsequently, counsel was appointed to represent Dye. The gist of the habeas petition was that the Kansas Supreme Court violated Dye's procedural due process rights granted him by the Fourteenth Amendment when it, sua sponte, recalled the Kansas Court of Appeals mandate which had reversed petitioner's convictions. We note, parenthetically, that the Kansas Supreme Court subsequently reversed the Kansas Court of Appeals and reinstated petitioner's convictions for possession of cocaine and marijuana.

The Attorney General of the State of Kansas filed on December 10, 1992, an answer and return on behalf of the Kansas Supreme Court. In the answer and return, the Kansas Supreme Court admitted that as of that date Dye was "currently free on bond," but stated that he was nonetheless "subject to the order of the [Kansas] Supreme Court and the sentencing court." On the merits, the Kansas Supreme Court in its answer and return generally denied that Dye's "confinement or control is contrary to the laws or constitutions of the State of Kansas or the United States" and specifically denied that "there was any due process or other constitutional error in the Supreme Court of Kansas recalling its mandate to correct a clerical error."

At hearing, the evidentiary matter before the district court consisted of numerous documents relating to Dye's conviction, sentence and several appeals in the Kansas courts. No testimony was offered by either petitioner or the respondent. Based on the showing made, the district court on September 8, 1993, granted the petition and discharged Dye from custody. *Dye v. Kansas Supreme Court,* 830 F.Supp. 1379, 1386 (D.Kan.1993).[1] The district court later granted a stay of its order pending appeal. A brief recital of the

---

* Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

1. We note that the district court stated in its opinion that as of the date it granted Dye's petition he was an inmate of the Lansing Correctional Facility in Lansing, Kansas. 830 F.Supp. at 1381. From the record before us it would appear that Dye has now been released from custody and is on parole.

chronology of events in the Kansas courts is necessary to an understanding of this appeal.

On November 17, 1989, Dye was convicted in the district court for Labette County, State of Kansas, of three drug violations, and he was sentenced to imprisonment for three to ten years. On appeal, his conviction was reversed by the Kansas Court of Appeals. *State v. Dye,* 814 P.2d 43 (Kan.Ct.App.1991) (table case—unpublished opinion). Thereafter, a timely petition for review was filed with the Kansas Supreme Court by the "State of Kansas."[2] Dye later filed a response to the petition for review. On September 4, 1991, the Kansas Supreme Court issued an order which read as follows: "PETITION FOR REVIEW BY APPELLANT, JERRY DYE. DENIED." On September 9, 1991, the mandate of the Kansas Court of Appeals issued.

On October 1, 1991, the Chief Justice of the Kansas Supreme Court issued an order recalling the mandate. That order reads as follows:

> The Supreme Court hereby recalls the mandate issued on September 9, 1991. The order dated September 4, 1991 denying the appellee's petition for review of the decision of the court of appeals was entered in error. The appellee's petition for review is hereby granted, and the parties are directed to proceed in accordance with Supreme Court Rule 8.03(b). The case will be set for argument on the December docket.

Thereafter, on October 18, 1991, the petitioner, Dye, filed a motion to dismiss the state's petition for review and to re-issue the mandate previously issued but later recalled. Without hearing, the motion was denied on November 5, 1991. On December 5, 1991, the Kansas Supreme Court heard oral argument on the merits of the case, at which time, it would appear from the record before

us, that counsel for Dye was allowed to argue that the Kansas Supreme Court had no authority to recall, without notice, the mandate previously issued by the Kansas Court of Appeals.

In any event, on February 5, 1992, the Kansas Supreme Court reversed, in part, the Kansas Court of Appeals and reinstated Dye's conviction on two counts charging unlawful possession of cocaine and marijuana. That part of the judgment of the Kansas Court of Appeals reversing Dye's conviction for possession of drug paraphernalia was affirmed by the Kansas Supreme Court. *See State v. Dye,* 250 Kan. 287, 826 P.2d 500 (1992). Dye's petition for rehearing was denied on March 10, 1992. Mandate issued from the Kansas Supreme Court on March 11, 1992, to the district court for Labette County commanding the district court to "cause execution" of the judgment of the Kansas Supreme Court "without delay."

As indicated, the district court granted Dye's petition for habeas corpus on the narrow ground that the Kansas Supreme Court violated Dye's procedural due process rights when it, *sua sponte,* recalled the mandate previously issued by the Kansas Court of Appeals to the state district court of Labette County without prior notice to Dye and the opportunity for him to be heard prior to the order recalling the mandate, thereby depriving him of a liberty interest without due process of law.[3] *Dye v. Kansas State Supreme Court,* 830 F.Supp. 1379, 1385–86 (D.Kan.1993). The district court noted that the Kansas Supreme Court could have easily corrected a clerical error with a nunc pro tunc order which apparently would not have implicated any liberty interest. The district court then went on to determine, however, that the error in the instant case "seem[ed] far more significant than a mere clerical error." *Id.* at 1384. This particular finding appears to have triggered petitioner's right

---

2. Any party aggrieved by a decision of the Kansas Court of Appeals may petition for review by the Kansas Supreme Court. K.S.A. 20–3018(b).

3. The basis for the district court's action reads as follows:

> In this case, the court finds that petitioner's constitutional right to due process was denied when the Kansas Supreme Court, *sua sponte,*

> withdrew the final mandate of the Kansas Court of Appeals. By this arbitrary action, the state interfered with petitioner's protected liberty interest, his freedom, without affording him notice and a meaningful opportunity to be heard prior to the loss of that freedom.
> 830 F.Supp. at 1385–86.

to notice and an opportunity to be heard, since, according to the district court, "[a] judicial error could not have been so easily corrected and would have required some explanation for the recall of the mandate of the court of appeals' final decision." *Id.* Thus, it would appear from the opinion of the district court that if the Kansas Supreme Court had given Dye notice and an opportunity to be heard before it recalled the mandate, Dye would not have prevailed in the district court on his habeas corpus petition. In any event, we are not in accord with the reasoning of the district court.

The district court made reference in its opinion to the fact that the Kansas Supreme Court in its order of October 1, 1991, recalled the mandate issued by the Kansas Court of Appeals on September 9, 1991, to the district court for Labette County, rather than its own mandate. *Id.* at 1383. The district court stated that such was a "further complication." We do not regard such to present any particular problem.

We note that various Kansas statutes give the Kansas Supreme Court general supervisory powers over the Kansas Court of Appeals and the power to correct clerical errors at any time. K.S.A. 20–3001 provides, *inter alia*, that the Kansas Court of Appeals is subject "to the general administrative authority of the Kansas Supreme Court." Further, K.S.A. 60–2101(b) provides, *inter alia*, that the Kansas Supreme Court has the jurisdiction to correct, modify, vacate or reverse any act, order or judgment of the Kansas Court of Appeals in order to make sure that such is "just, legal and free of abuse." Finally, K.S.A. 60–260(a) provides that clerical mistakes in judgments and orders arising from oversight may be corrected by the court "at any time" either on motion, or by the court on "its own initiative." In short, we do not believe that the fact that the Kansas Supreme Court in its order of October 1, 1991, correcting its own "error" in its order of September 4, 1991, and, consistent therewith, recalling the mandate issued the district court of Labette County by the Kansas Court of Appeals is any complication.

The ultimate issue is, of course, whether the Kansas Supreme Court by its order of October 1, 1991, violated Dye's procedural due process rights. The parties apparently agree, as the general rule and statutes cited above make clear, the Kansas Supreme Court had the power to correct "clerical errors" on its own initiative "at any time". It is obvious to us that by its order of October 1, 1991, the Kansas Supreme Court was correcting a clerical error. We do not believe that the Kansas Supreme Court, in exercising its inherent and statutory right to correct what it perceives to be clerical errors, sufficiently interferes with petitioner's liberty interest in such a way that it must afford petitioner notice and an opportunity to be heard. Such a requirement would essentially eviscerate that vital aspect of the court's supervisory and corrective powers.

Recapitulating the chronology set forth above, the State of Kansas filed with the Kansas Supreme Court a timely petition to review the judgment of the Kansas Court of Appeals, reversing the conviction and sentence suffered by Dye in the district court for Labette County. Dye filed a "Response to Appellee's Petition for Review" with the Kansas Supreme Court. By its one line order of September 4, 1991, the Kansas Supreme Court denied the petition for review "filed by appellant, Jerry Dye." However, Dye had filed no petition for review, only a response to the State's petition for review. We are not persuaded by any suggestion that by its order of September 4, 1991, the Kansas Supreme Court intended to deny the petition for review filed by the State of Kansas. The September 4, 1991, order purported to deny, in so many words, the "PETITION FOR REVIEW BY APPELLANT, JERRY DYE." and by its order of October 1, 1991, it is quite clear that the Kansas Supreme Court at all times intended to grant the State's petition for review. Independent of any statute, the Kansas Supreme Court, in our view, has an inherent right to correct its own orders entered inadvertently or mistakenly.[4] Although "finality" of court orders is

---

4. Anent the inherent power of a court to recall its mandate, in *Coleman v. Turpen,* 827 F.2d 667,

671 (10th Cir.1987), we said "an appellate court has power to set aside at any time a mandate

important, errors of the present sort should not go uncorrected.

Judgment reversed and case remanded with direction that the district court deny the petition.

that was procured by fraud *or act to prevent an injustice,* or to preserve the integrity of the judicial process." (emphasis in original) (citing *Greater Boston Television Corp. v. F.C.C.,* 463 F.2d 268 (D.C.Cir.1971), cert. denied, 406 U.S. 950, 92 S.Ct. 2042, 32 L.Ed.2d 338 (1972)). *See also, Security Mutual Casualty Co. v. Century Casual Co.,* 621 F.2d 1062, 1065 (10th Cir.1980) ("It is axiomatic that courts have the power and duty to correct judgments containing clerical errors or judgments issued due to inadvertance or mistake.") (citing *American Trucking Ass'ns v.*

*Frisco Transp. Co.,* 358 U.S. 133, 145, 79 S.Ct. 170, 177, 3 L.Ed.2d 172 (1958)).